Thomas E. Perez
 Assistant Attorney General
Roy L. Austin, Jr. (IL Bar #6228785)
 Deputy Assistant Attorney General
Jonathan M. Smith (DC Bar #396578)
Winsome G. Gayle (NY Bar #3974193)
Sergio Perez (CA Bar #274798)
Jennifer L. Mondino (NY Bar #4141636)
Edward G. Caspar (MA Bar #650566)
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(tel.) 202-305-3655 / (fax) 202-514-6273,
(email) sergio.perez@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>    Defendants. | No. 2:12-cv-00981-ROS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE BY JONATHAN RICHES** |

The United States opposes the Motion to Intervene ("Motion") by Jonathan Lee Riches ("Riches") because the Motion fails to satisfy the substantive requirements of Federal Rule of Civil Procedure 24 ("Rule 24") and falls within a pattern of frivolous federal court filings by the movant.

BACKGROUND

On May 10, 2012, the United States filed its Complaint in this case alleging widespread violations of constitutional and federal rights by the Defendants. Specifically, the Complaint seeks relief from: (1) law enforcement practices involving intentional discrimination on the basis of race, color, and national origin in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution; (2) law enforcement practices involving unreasonable searches, arrests, and detentions of persons without probable cause or reasonable suspicion in violation of the Fourth Amendment; (3) unjustified law enforcement practices that have a disparate impact on, and involve intentional discrimination against, Latinos in violation of Title VI of the Civil Rights Act of 1964 and the federal regulations implementing Title VI; (4) discrimination against limited English proficient prisoners in the Defendants' jails in violation of Title VI and the Title VI regulations; (5) violations of the contractual assurances that the Defendants' made in accepting federal funding and that committed the Defendants to complying with the non-discrimination requirements of Title VI; and (6) a pattern or practice of First Amendment violations consisting of retaliation against persons who criticized the Defendants' policies.  Defendants in this matter are represented by counsel.

Riches filed his Motion to Intervene on June 1, 2012.  The Motion fails to allege any protectable interest in this case and any shared issues of law or fact.  Instead, the Motion includes information regarding Riches' incarceration in federal prison, his support for Defendants as "the lesser of two evils," and the assertion that he has filed the most lawsuits "in the hstory [sic] of mankind." Motion to Intervene, Doc. 23, at 1.

ANALYSIS

Riches' two-page Motion asserts, without any legal or factual support, that he is entitled to intervention as of right and permissive intervention in accordance with Rule 24(a) and (b), respectively.  The Motion should be denied.  Riches is not entitled to intervention of right because he does not assert an interest related to this case.  See

R. 24(a).  He does not qualify for permissive intervention because he does not assert a claim that shares a common question of law or fact with this action.  See R. 24(b)(1).  Riches' Motion is but the latest in a long history of unsupported and frivolous federal filings by the movant, for which he was previously censured by another Federal District Court.

### I. Riches Is Not Entitled to Intervention of Right.

Rule 24(a) entitles a person to intervene who claims an interest relating to the property or transaction that is the subject of the action and is so situated that "disposing of the action may . . . impair or impede the movant's ability to protect its interest."  R. 24(a)(2).  To qualify, the movant must show, among other things, that the movant "has a 'significant protectable interest' relating to the property or transaction that is the subject of the action" and "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest . . . ."  Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).  A movant has a "significant protectable interest" in an action if the movant "asserts an interest that is protected under some law," and "there is a 'relationship' between its legally protected interest and the plaintiff's claims."  United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002).  "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant."  Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).  According to his Motion, Riches seeks not to protect an interest, but to present evidence concerning federal immigration detention practices.  See Motion to Intervene, Doc. 23, at 1.  To the extent that he raises an interest in seeking relief from practices of the Federal Bureau of Prisons, that interest would not be affected by this case.  Riches therefore has failed to demonstrate his entitlement to intervention under Rule 24(a).

### II. Riches Does Not Qualify for Permissive Intervention.

Rule 24(b) permits intervention if a federal statute explicitly allows for it or if a movant "has a claim or defense that shares with the main action a common question of

law or fact." R. 24(b)(1). If a movant presents a "common question," the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." R. 24(b)(3). No statute would permit intervention here, and Riches' does not assert a claim that shares a "common question of law or fact" with this case. At most, Riches alleges that the Federal Bureau of Prisons subjects inmates to "non proper" care concerning their medical, dental, and dietary needs. Motion to Intervene, Doc. 23, at 2. But the Bureau of Prisons is not a party to this case, and the Motion does not otherwise detail any facts or incidents that bear any relation to the claims at issue here. Any factual and legal questions raised by Riches' Motion are wholly distinct from those at issue in this case.

III.     Riches' Motion to Intervene is Frivolous.

Finally, Riches' Motion is frivolous and falls within a pattern of behavior for which Riches was previously censured by a Federal court. On October 18, 2010, the United States District Court of the Eastern District of Kentucky granted a motion by the United States for injunctive relief to prevent Riches from filing "frivolous and vexatious filings." Opinion and Order Granting Permanent Injunction, United States v. Riches, No. 5:10-CV-322 (E.D. Ky. Oct. 18, 2010). In reaching its conclusion, the Eastern District of Kentucky cited the fact that Riches had filed "more than three thousand cases in district courts across the country" asking to intervene or seeking relief. Id. at *1. In 2008, the Eastern District of Kentucky referred to him as an "abuser of the judicial system" due to frivolousness or maliciousness of his filings. Riches v. Hughes, 2008 WL 2478229 at *2 (E.D. Ky. 2008). Riches' Motion in this case represents yet another needless expenditure of judicial resources.

CONCLUSION

Riches has not claimed a "significant protectable interest" that would entitle him to intervention of right, nor does he raise a claim that shares a question of law or fact with this matter. The United States therefore respectfully requests that the Court deny the Motion to Intervene.

4

Respectfully,

Thomas E. Perez
Assistant Attorney General

Roy L. Austin, Jr.
Deputy Assistant Attorney General

Jonathan M. Smith (DC Bar #396578)
Chief


 /s/ Sergio Perez
Winsome G. Gayle (NY Bar #3974193)
Sergio Perez (CA Bar #274798)
Jennifer L. Mondino (NY Bar #4141636)
Edward G. Caspar (MA Bar #650566)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Tel. (202) 305-3655/Fax (202) 514-6273
Sergio.perez@usdoj.gov
Attorneys for the United States

DATED:  June 13, 2012

## CERTIFICATE OF SERVICE

I certify that on or about June 13, 2012, a true and correct copy of the foregoing pleading was served on the following persons by the Court's Case Management and Electronic Case Filing System or by Federal Express delivery:

Jonathan Lee Riches, 143 Roebling St., Suite 5, Brooklyn, NY  11211

William R Jones

Robert L Dysart

John T Masterson

Dan K Webb

Richard K Walker

Joseph John Popolizio

Joel Erik Connolly

                                         /s/ Edward G. Caspar  
                                         EDWARD G. CASPAR