IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-12-00981-PHX-ROS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County, Arizona, et al., ) | |
| Defendants. ) | |

The United States of America and Joseph M. Arpaio have submitted a joint statement of discovery dispute. (Doc. 94). According to that statement, on April 16, 2013 the United States sent its First Set of Requests for Production of Documents and Things and its First Set of Interrogatories. Responses were due on May 16, 2013. The parties subsequently agreed to a three-week extension, but Defendant did not produce documents by the extended deadline. Finally, on June 20, 2013, Defendant provided partial responses. Defendant provided additional responses on multiple dates in June and July. The United States now seeks Court assistance to speed up the production of all responsive material.

Defendant claims it is attempting to comply with the discovery requests but "without an unlimited budget and manpower, the completion of each [discovery] task . . . is challenging, time consuming, labor intensive and . . . expensive." (Doc. 94 at 3). What is missing from Defendant's statement is any indication that the discovery is improper. In other words, the discovery requests are appropriate and responsive documents must be produced, but Defendant believes he should be allowed to provide responses on his own schedule. The

1  Court does not agree.

2  "The fact that production of documents would be burdensome and expensive . . . is
3  not a reason for refusing to order production of relevant documents." *Doe v. Nebraska*, 788
4  F. Supp. 2d 975, 981 (D. Neb. 2011) (quotation omitted).  Parties are often required to
5  comply with their discovery obligations even when doing so will require an "herculean
6  effort." *See, e.g.*, *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).
7  Accordingly, the relevant question is not whether responding to discovery will be
8  burdensome but whether the "the burden or expense is 'undue.'" *Doe*, 788 F. Supp. 2d at
9  981.  And when assessing whether a burden qualifies as "undue," the Court must consider
10 "the benefits to be secured from the discovery." *Id.* (quotation omitted).

11  Defendant does not take issue with his obligation to respond to the discovery requests
12 but he claims he is doing the best he can.  He must do better.  The discovery requests have
13 been outstanding for three months and discovery is set to close in three months.  Further
14 delay is unacceptable.  If necessary, Defendant must devote additional resources to
15 responding to the discovery.

16  Defendant will be instructed to provide the United States with a date by which all
17 information will have been produced.  If that date is unacceptable, the parties shall file a
18 second joint statement identifying each side's proposed completion date for the productions
19 at issue.

20  Accordingly,

21  **IT IS ORDERED** no later than July 24, 2013 Defendant Joseph M. Arpaio shall
22 provide to the United States a firm deadline by which *all* responsive information will be
23 produced.  If that deadline is unacceptable to the United States, the parties shall immediately
24 file a second joint statement containing each side's proposed deadline.

25  DATED this 22nd day of July, 2013.

Roslyn O. Silver
Chief United States District Judge

- 2 -