**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>County of Maricopa, et al.,<br><br>　　　　　　　Defendants. | No. CV-12-00981-PHX-ROS<br><br>**ORDER** |

Pursuant to Plaintiff's Motion for Entry of a Protective Order Governing Disclosure of Personally Identifiable Information and the Court's authority under Fed. R. Civ. P. 26(c), and to expedite the flow of discovery material between the parties, adequately protect personally identifiable information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled,

**IT IS ORDERED** Plaintiff's Motion for Entry of a Protective Order (**Doc. 118**) is **GRANTED**.

**IT IS FURTHER ORDERED**:

**1.     Production of Confidential Information.**  Subject to the provisions of this Order, the United States may produce to any other party in this case discoverable information that is or contains personally identifiable information ("PII") that the Privacy Act may prohibit the United States from disclosing without a court order.  Such information need not be redacted.  Rather, the United States shall, in the manner prescribed by paragraph 2 below, designate as "Confidential" any materials containing PII.

"Personally Identifiable Information" is information subject to protection by the Privacy Act of 1974, 5 U.S.C. § 552a, which includes information that can be used to

distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information that is linked or linkable to a specific individual. Such information may include but is not limited to information relating to an individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

2. **Designation of Information as Confidential.** The United States shall designate information as "Confidential" by clearly labeling any and all hardcopy documents and electronic storage media containing PII with the words "Confidential, Subject to Protective Order." Electronic storage media include computer hard drives, DVDs, compact discs, and any media used to hold electronically stored information. In producing information designated as "Confidential," the United States shall note the presence of the confidential material in a letter accompanying the discovery material. If an electronic storage medium contains multiple electronic files or groups of files, the letter shall identify the particular electronic files or groups of files containing the PII, and it will be those files or groups of files that will be "confidential" and subject to the protections of this Order.

The failure to designate any materials as "Confidential" shall not constitute a waiver of an assertion that the materials are covered by this Protective Order. If the United States produces PII without labeling it as "Confidential," and the United States subsequently notifies the receiving parties that such PII has been produced and identifies the documents or electronic files containing the PII, the receiving parties shall treat such PII as confidential and subject to the provisions of this Order.

3. **Disclosure of Confidential Information by the Receiving Parties.** Parties receiving information designated as "Confidential" may use such information only for purposes of the litigation of this case. Such information may be disclosed to another person only by a party's legal counsel and only to the court and court staff and to persons

who need to receive such information in order to assist with the prosecution or defense of this case. Such persons may include legal counsel and counsel's support staff; experts and consultants; and potential witnesses and their legal counsel, if the information disclosed to a potential witness relates to the witness's potential testimony. Before any party's legal counsel may disclose information designated as "Confidential" to any person, the disclosing legal counsel must inform the person that the information is confidential and subject to the provisions of this Order, and the person must sign the Confidentiality Agreement appended to this Order. This requirement to sign the Confidentiality Agreement applies to disclosures made to any experts, consultants, or potential witnesses, but not to the court, court staff, a party's legal counsel, or such counsel's support staff.

**4. Precautions against Unauthorized Use and Disclosure.** All persons to whom information designated as "Confidential" is disclosed shall take reasonable precautions to prevent the disclosure or use of such information other than as authorized by this Order.

Parties shall redact all PII from all documents to be used as deposition exhibits or to be filed with the Court.

**5. Order Subject to Modification.** Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

**6. Duration of Order.** After final disposition of these actions, by judgment, settlement, or otherwise, including any appeals, the terms and conditions of this Order shall survive and remain binding and in full force and effect, unless and until otherwise ordered by the Court.

Dated this 5th day of November, 2013.

_____
Roslyn O. Silver
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>     v.<br><br>Maricopa, et al.,<br><br>     Defendants. | No. 2:12-cv-00981-ROS |

## CONFIDENTIALITY AGREEMENT

Having read and understood the Consent Confidentiality and Protective Order entered in the above-styled case on _____, 2013 (hereinafter, the "Protective Order"), which governs the disclosure of all documents and information designated as "Confidential," I hereby agree to abide by and be bound by the terms of the Protective Order. I understand that the Protective Order permits only the legal counsel for the parties in this case to disclose information designated as "Confidential," and that I am not permitted to disclose such information to any other person.

For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the U.S. District Court for the District of Arizona.

_____     _____     _____
Name (Print)