William R. Jones, Jr., Bar #001481
John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7801
wjones@jshfirm.com
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. CV12-00981-PHX-ROS |
| Plaintiff, | **Motion in Limine Re: Untimely Witness Testimony and Disclosures.** |
| v. | |
| Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona, | |
| Defendants. | |

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, Defendant Joseph M. Arpaio ("Defendant Arpaio") hereby requests this Court to preclude the United States from calling witnesses to testify beyond those topics it has timely disclosed to Defendant Arpaio. Moreover, Defendant Arpaio also requests this Court to preclude the United States from presenting testimony from late disclosed witnesses pursuant to this Court's Fourth Amended Scheduling Order. This argument is supported by the following Memorandum of Points and Authorities, the attached Exhibits, and the entire record before this Court.[1]

---

[1] Defendant Arpaio notes that because this Motion is not based on evidentiary issues, the concerns expressed in *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE UNITED STATES SHOULD BE PRECLUDED FROM PRESENTING WITNESS TESTIMONY THAT WAS UNTIMELY DISCLOSED

As officers of the court, counsel are required to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information--***along with the subjects of that information***--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(1)(A)(i) (emphasis added). Moreover, Rule 26(a)(2)(C) requires that a witness disclosure *must* state a "summary of facts and opinions to which the witness is expected to testify." Importantly, "[i]ndicating briefly the general topics on which such persons have information should not be burdensome, and ***will assist other parties in deciding which depositions will actually be needed.***" Fed. R. Civ. P. 26 (1993 comments) (emphasis added). A sufficient description of the subject of the information that the disclosing party may use to support its claims or defenses is paramount during the early stages of discovery because an opposing party may not be sufficiently apprised on whether a deposition of that individual is necessary. *See Anderson v. Bristol, Inc.,* 936 F.Supp.2d 1039, 1060 (S.D. Iowa 2013) (holding "that when a party merely states the name of the witness along with the witness' connection to the case . . . without providing a summary of the witness' expected testimony, the party is not in full compliance with the disclosure requirements found in Rule 26(a)(2)(C)."). Failure to provide a sufficient description is grounds for sanctions, including precluding offering witness testimony at trial. *See* Fed. R. Civ. P. 37(c)(1).

Therefore, the failure to timely disclose an adequate summary of facts and opinions to which a witness is expected to testify is grounds for sanctions under Rule 37.

---

2009), are largely inapplicable to this Motion.

### A. The United States' pretrial witness list describes witness testimony that goes beyond their timely disclosures.

The United States' Preliminary Witness List contains descriptions of their witness' intended testimony that either expands upon or is an entirely new area of testimony than what was previously disclosed to Defendant Arpaio. [*See* United States Pretrial Witness List (Ex. A), attached as Exhibit 1].

For example, the timely disclosures made by the United States revealing the potential witnesses who had information concerning Defendants' worksite operations simply state the particular witness "was present when MCSO executed a search warrant" at that particular witnesses' place of business or employment. [*See* Plaintiff's Initial Disclosure Statement, attached as Exhibit 2; First Supplemental Disclosure Statement, attached as Exhibit 3; Second Supplemental Disclosure Statement, attached as Ex. 4, and Fourth Supplemental Disclosure Statement, attached as Exhibit 5]. While there is nothing patently deficient by this description, the United States has indicated that it will not limit its presentation of these witnesses' testimony to only these narrow two facts. Rather, the subsequent witness descriptions contained in the United States' pretrial pleadings have made clear that the United States intends to use these witnesses at trial to testify about the ***particular conduct*** of MCSO during worksite operations and on the existence of potential alleged constitutional violations:

| Witness | Prior Disclosure | Pretrial Witness Disclosure |
|---|---|---|
| Alvarez, Celia | Ms. Alvarez-Herrera was employed by Handyman Maintenance Inc. and was present during MCSO's raid on the business on February 11, 2009.<br><br>**(1st SDS)** | Will testify to her experience as an employee of Handyman Maintenance Inc. (HMI) and related to the MCSO raid on that business on Feb. 11, 2009, ***including her observations of MCSO practices and conduct during the raid, and the impact of MCSO's activities on employees and the business.*** |
| Arias, Rita | Ms. Arias was employed by the Alpine Bread Company and was present during MCSO's raid on the business on July 14, 2011.<br><br>**(1st SDS)** | Would testify to her experience as an employee at Alpine Valley Bread Company related to the MCSO raid on that business on July 14, 2011, ***including her observations of MCSO practices and conduct during the raid, and*** |

| | | |
|---|---|---|
| | | *the impact of MCSO's activities on employees and the business.* |
| Boozer, Steve | Steven Mitchell Boozer is the owner and operator of Circle B Grading and Hauling, which was subject to a worksite raid by MCSO on or about April 6, 2012.<br><br>(4th SDS) | Would testify to his experience as the owner and operator of Circle B Grading and related to the MCSO raid on that business on April 6, 2012, *including his observations of MCSO practices and conduct during the raid, and the impact of MCSO's activities on employees and the business*. |
| Brehl, Chris | Owner of United Construction Group; was present during MCSO's raid on the business on September 27, 2012.<br><br>(1st SDS) | Would testify to his experience as an owner of United Construction Group and related to the MCSO raid on that business on September 27, 2012, *including his observations of MCSO practices and conduct during the raid, and the impact of MCSO's activities on employees and the business*. |

The United States' pretrial witness disclosures listed above, therefore, goes **well beyond** its prior timely disclosures that these witnesses were (1) present when MCSO executed a search warrant and (2) were an employee or owner of the business searched.[2]

Finally, the expanded areas of proposed testimony is not limited to the few instances listed above, but relates to *every single disclosed witness* by the United States. [*See* Exhibit 1]. Defendant Arpaio, therefore, requests that the United States be limited at trial to presenting testimony based only on its prior timely witness disclosures.

**B.     The United States was made aware of their deficient witness descriptions but failed to take any timely action to remedy them.**

1. **Defendant Arpaio repeatedly attempted to remedy the United States' deficient disclosures and the United States refused.**

In Defendant Arpaio's first request for interrogatories, he asked the United States to list each of the witnesses it intended to call at trial to support each of the individual claims, including the alleged Fourth Amendment violations for worksite operations, set forth in the United States' Complaint. [*See* Defendant's Request for Interrogatories at 3-6, attached as Exhibit 6]. Specifically, Defendant requested the

---

[2] The new witness descriptions contained in the United States' pretrial disclosure were either untimely modified or not modified at all until the pretrial disclosure.

United States to "identify each specific claim(s) for each individual witnesses to be called to testify" and to:

> Please identify each individual that [the United States] contacted, contacted you, and/or that you interviewed, or obtained information and/or direction from, prior to and during your investigation, and during the litigation itself, regarding the decision to investigate, file a lawsuit and/or which you believe supports each individual claim(s) set forth in Plaintiff's Complaint, including the date, time and place of each contact or interview, the date, time and place you obtained any information and a specific and detailed summary of the contact or interview information provided by each interviewee and/or contacted individual. Your Answer should include, but not be limited to, any communications, contacts, or direction to and/or from the media, elected officials, political appointees, and/or any other person(s) not employed by the Department of Justice.

[*Id.* at 3:15-17, 5:7-16]. The United States refused to answer either interrogatory because, among other reasons, they were unreasonably "duplicative of the United States' preexisting obligations under Rules 26(a)(3) and the Court's Scheduling Orders to disclose the names of the witnesses it will present at trial." [*Id.* at 6:15-17, 4:1-8].

Following the United States' refusal to answer Defendant's interrogatories, Defendant filed several discovery disputes with this Court.[3] [*See* Seventh Joint Discovery Dispute, attached as Exhibit 7; Eighth Joint Discovery Dispute, attached as Exhibit 8]. Defendant requested assistance from this Court because the United States has continually failed to state the factual basis for its claims asserted in its Complaint and to provide Defendant with sufficient documents and other information relied upon by the United States. [Exhibit 7, Seventh Joint Discovery Dispute, at 6-7]. Moreover, within these discovery disputes, Defendant specifically pointed out the deficient nature of the United States' witness disclosures. [See Exhibit 8, Eighth Joint Discovery Dispute, at 3:21-4:8]. Despite these pleadings, the United States never timely amended their witness disclosures.

---

[3] This Court has yet to issue a ruling on these disputes.

### 2. The United States' late disclosures also demonstrate that their timely witness descriptions are deficient.

In the United States 11th Supplemental Disclosure, after Defendant Arapio had repeatedly bought to the United States and this Court's attention the deficient descriptions contained in the United States' witness disclosures, the United States, for the first time, put Defendants on notice of the true information that the United States' witnesses would testify on:

> Marcus Clinton Martin was present at the Alpine Valley Bread Company worksite raid executed by MCSO on July 14, 2011, *and has knowledge about how MCSO personnel conducted the operation and the circumstances attending it*.

[U.S. 11th Supplemental Disclosure, Rule 26(a)(1)(A)(I) chart at 3, attached as Exhibit 9 (emphasis added)]. For the first time, the United States identified that its worksite witnesses "have knowledge about how MCSO personnel conducted the operation and the circumstances attending it." However, this disclosure was late, as the deadline to disclose fact witnesses was on May 28, 2014, and the United States' 11th Supplemental Disclosure was filed on August 15, 2014. [Doc. 279]. Accordingly, while the United States apparently has the ability to make sufficient witness disclosures under Rule 26(a), it has failed to do so until after the disclosure deadlines.

### C. Defendant Arpaio will be significantly prejudiced if this Court does not preclude the United States worksite witnesses from strictly testifying to only those subjects that were disclosed.

Defendant Arpaio will be significantly prejudiced if this Court does not preclude the United States worksite witnesses from strictly testifying to only those subjects that were disclosed. Discovery deadlines have long since passed in this case and the United States was warned by this Court that failure to comply with the Rules of Discovery would "equally" result in a proper penalty. [RT 10/06/14 at 20:3-19, attached as Exhibit 10]. Moreover, Defendant Arpaio's decision to not depose any of the witnesses beyond those deposed by the United States was based on the United States' witnesses' disclosures, which according to the United States' pretrial disclosures, have been wholly deficient to put Defendant on notice that additional witnesses required depositions.

4133793.1
7/10/15

6

Moreover, Defendant should not have had to incur the cost to interview over ***two hundred*** of the United States' initially disclosed witnesses in the hopes of encountering testimony that might need to be rebutted at trial. Accordingly, Defendant will suffer significant prejudice if the United States is permitted to provide testimony outside of its timely witness disclosures.

### D. Conclusion.

Here, without exception, the witnesses' testimony identified by the United States in their pretrial list is different than the United States' prior timely disclosures to Defendant Arpaio. Moreover, the new witness descriptions by the United States, had they been initially made, may well have prompted Defendant Arpaio to conduct additional depositions of these individuals. Because Defendant Arpaio was not afforded this opportunity, he respectfully requests that this Court preclude these witnesses from testifying about anything other than what they have been identified for in the United States' prior timely disclosures. *See* Fed. R. Civ. P. 37(c)(1) (stating that if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence at trial unless the failure was substantially justified or is harmless."); *Anderson,* 936 F.Supp.2d at 1060.

## II. THE UNITED STATES IS PRECLUDED FROM PRESENTING NEW WITNESSES THAT WERE NOT TIMELY DISCLOSED.

As previously stated, the final disclosure deadline for all fact witnesses in this action was on May, 28, 2014. [Doc. 279]. The United States has subsequently revealed entirely new witnesses in its 11th Supplemental Disclosure Statement ("11th SDS"). [*See* Exs. 1, 6]. These witnesses were not timely disclosed pursuant to this Court's scheduling order because the 11th SDS was not filed until August 15, 2014.

For example, the United States intends to call the following witnesses, which have never been disclosed prior to the May 28, 2014 deadline:

| Name | Late Disclosure Document |
|---|---|
| Adams, Steve | 11th SDS |
| Allen, Lisa | 11th SDS |
| Beeks, Douglas | 11th SDS |
| Boren, Jeremy | 11th SDS |
| Frei, Darrin | 11th SDS |
| Jakowinicz, Brian | 11th SDS |
| Jerez, Jesus | 11th SDS |
| Martinez, Hector | 11th SDS |
| Monroe, Susan | 11th SDS |
| Montiel, Frankie | 11th SDS |
| Sanchez, Maria | 11th SDS |
| Sheridan, Gerald | 11th SDS |
| Ventura, Sindy Noehmi | 11th SDS |
| Voeltz, Wade | 11th SDS |
| Whelan, Dimitri | 11th SDS |

Because the United States did not properly and timely disclose these witnesses, it should be precluded from presenting these witnesses at trial in their entirety.[4] *See* Rule 37(c)(1). Moreover, to the extent any other witnesses were disclosed after the May 28, 2014 deadline, they should equally be precluded from testifying at trial.

### III. CONCLUSION

For the aforementioned reasons, Defendant Arpaio respectfully requests that this Court preclude the United States' witnesses from testifying on any area other than what has been properly and timely disclosed. In addition, Defendant Arpaio also requests that this Court preclude the United States from presenting any testimony from witnesses who were untimely or never previously disclosed.

---

[4] This includes but is not limited to the chart listed above in § II.

DATED this 10th day of July, 2015.

                JONES, SKELTON & HOCHULI, P.L.C.

                By /s/ John T. Masterson
                   William R. Jones, Jr.
                   John T. Masterson
                   Joseph J. Popolizio
                   Justin M. Ackerman
                   2901 North Central Avenue, Suite 800
                   Phoenix, Arizona 85012
                   Attorneys for Defendant Joseph M. Arpaio

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of July, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Mance Carroll

4133793.1
7/10/15

9