Mark Kappelhoff
 Deputy Assistant Attorney General
Judy Preston (MD Bar, no numbers assigned)
Timothy D. Mygatt (DC Bar No. 1021564)
Edward G. Caspar (MA Bar No. 650566)
Jennifer L. Mondino (NY Bar No. 4141636)
Paul Killebrew (LA Bar No. 32176)
Puneet Cheema (CA Bar No. 268677)
Matthew Donnelly (IL Bar No. 6281308)
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
601 D St. NW, Suite 5200
Washington, D.C. 20004

Attorneys for the United States

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Maricopa County, Arizona; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>　　Defendants. | No. 2:12-cv-00981-ROS<br><br>UNITED STATES' MOTION TO STRIKE SHERIFF ARPAIO'S IMPROPERLY DISCLOSED EXHIBITS |

　　Plaintiff, the United States, respectfully requests the Court to strike Sheriff Arpaio's exhibits which were not properly disclosed and failed to comply with the Court's Fourth Amended Scheduling Order and Fed. R. Civ. P. 26(a)(3). Defendant Sheriff Arpaio provided to the United States a witness and exhibit list only late in the evening on July 9, 2015, rather than on September 15, 2014, as required by the Court's Fourth Amended Scheduling Order. Still, many of the exhibits included on the Sheriff's list are improper categorical groups of documents and/or lack Bates numbers. This Court should strike these improper exhibits for failing to comply with Rule 26(a)(3).

## I. Legal Standard.

Rule 26(a)(3)(A)(iii) requires, for pretrial disclosures, "an identification of each document or other exhibit."  Rule 37(c) regarding a party's Failure to Disclose provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The Rule additionally authorizes "other appropriate sanctions."  Fed. R. Civ. P. 37(c)(1)(C).

Further, if a party fails to obey a court order, including a scheduling order, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f)(1)(C).  Rule 37(b)(2)(A) similarly authorizes any "just order" for the violation, including "(iii) striking pleadings in whole or in part" and "(vii) treating as contempt of court the failure to obey any order."  Fed. R. Civ. P. 37(b)(2)(A).

## II. Defendant Sheriff Arpaio Failed to Disclose His Exhibits in Accordance with the Court's Scheduling Order and Rule 26(a)(3).

In its Fourth Amended Rule 16 Scheduling Order, the Court ordered the Parties to provide "all exhibits to be used and all witnesses to be called at trial" by September 15, 2014.  *See* Fourth Am. Rule 16 Sched. Order at 2, ECF No. 279.  The Court's Scheduling Order explicitly provided notice that it "superseded[d] the '30 days before trial' disclosure deadline contained in FRCP 26(a)(3)."  *Id.* at 2 n.2.  In accordance with the Court's Scheduling Order and Rule 26(a)(3), on September 15, 2014, the United States identified the witnesses it "expect[ed] to" or "may" call and the exhibits it expected to use at trial, assuming, in good faith, that the Defendants would also timely comply with the Court's Order.  U.S. Notice of Service, ECF No. 320; Fourth Am. Rule 16 Sched. Order at 2, n.2; Fed. R. Civ. P. 26(a)(3)(A)(i) (requiring separate identification of witnesses that "the party expects to present and those it may call if the need arises").

Defendants Sheriff Arpaio and Maricopa County, however, failed to similarly disclose their pretrial witness and exhibit lists in the form required by Rule 26(a)(3) by the date required in the Court's Fourth Amended Scheduling Order. *See* Fourth Am. Rule 16 Sched. Order at 2. On September 15, 2014, rather than producing a pretrial list of witnesses and exhibits that conformed to the requirements of Rule 26(a)(3), Defendant Sheriff Arpaio merely identified every single person disclosed in his initial and supplemental disclosures as witnesses he intended to call at trial. *See* Eighth Joint Statement of Discovery Dispute at 2-3, ECF No. 324 ("Dispute"); Exh. A-MCSO 14th Supp. Disclosure at 2-56, ECF No. 324-1.  While Defendant Maricopa County stated that it had culled its disclosure list and did not include every single person it had previously disclosed on its witness list, it also listed "Any individual listed in the disclosures of other parties." *See* Dispute at 5 n.4; Exh. B-County's 6th Supp. Disclosure at 12, ECF No. 324-2.  Neither Defendant distinguished between witnesses it "expect[ed]" to present or "may call" as required by Rule 26(a)(3). *See* Dispute Exh. A at 2-56, ECF No. 324-1; Exh. B at 2-12, ECF No. 324-2; Fed. R. Civ. P. 26(a)(3)(A)(i) (requiring separate identification of witnesses that "the party expects to present and those it may call if the need arises"). Additionally, Defendant Sheriff Arpaio and Maricopa County each stated they intended to use every document identified in their voluminous initial and supplemental disclosures as trial exhibits, making no effort at all to actually identify any specific exhibits.[1]  *See* Dispute at 2-3, 6.

---

[1] The United States objected to the Defendants' improper disclosures in an Eighth Joint Statement of Discovery Dispute. *See* Dispute at 1-2.  In its response to the United States' statement, Sheriff Arpaio stated that after the resolution of dispositive motions, "it is likely that all of the parties can reduce the number of witnesses and exhibits to be utilized at trial." *Id.* at 5.  Indeed, following the resolution of the summary judgment motions, the United States provided the Defendants with a list of 343 proposed stipulated exhibits on June 18, 2015, a narrowed and revised witness list on June 25, 2015, and a full exhibit list on July 8, 2015, with minor revisions on July 9, 2015. Sheriff Arpaio provided the United States with its witness and exhibit lists only late in the evening on July 9, 2015, and Maricopa County provided its exhibit list only hours before the close of business today.

The inadequate exhibit list Sheriff Arpaio produced on July 9, 2015 fails to provide the United States with enough notice regarding the exhibits he intends to use at trial to prevent unfair surprise and prejudice. For example, a number of the items Sheriff Arpaio listed as exhibits are not identified by Bates numbers. *See* Joint Proposed Pretrial Order, Exh. D, ECF No. 382-4 (Exhibit Nos. 9, 17, 42-44, 46-47, 51-55, 71, 87-88, 149, 223-24). While some of the exhibits are clearly relevant to the issues in this case, such as No. 9 "Training for racial profiling, LEP compliance, and use of force," the United States is unable to prepare for their use at trial because it cannot identify or locate them. *See id.* Without Bates numbers, the United States cannot even determine whether they have ever been produced to it. Indeed, while Defendant Arpaio's Exhibits Nos. 223-24 were listed in hisFourteenth Supplemental Disclosures, he admitted he did not produce them at the time of the parties' Eighth Discovery Dispute, following the close of discovery, because the Sheriff had not yet received the subpoena responses. *See* Dispute at 4 n.2. He also stated that he *would not* produce some documents which were listed on his disclosures. *Id.* Numerous courts have held that Rule 45 pretrial subpoenas must abide by discovery deadlines. *See id.*; Order - Motion to Enforce Sched. Order, *United States v. Town of Colorado City*, No 3:12cv08123 (D. Ariz. Oct. 27, 2014), Doc. 518 (finding pretrial subpoenas constitute discovery and quashing untimely subpoenas issued on final day of discovery); *Brown v. Deputy No. 1*, No. 12cv1938, 2014 WL 842946, *7 (S.D. Cal. Mar. 4, 2014) ("Document subpoenas under Rule 45 . . . are generally considered tools of pretrial discovery that must be served *before* the discovery deadline has expired.") (quashing subpoenas because responses due after discovery deadline); *nSight, Inc. v. PeopleSoft, Inc.,* No. 3:04cv3836, 2006 WL 988807, *3-4 (N.D. Cal., Apr. 13, 2006) (finding Rule 45 pretrial subpoenas to be discovery that must be served within the designated discovery period). Because the Sheriff failed to timely issue his subpoenas in order to comply with the discovery deadlines, he should be precluded from using documents which were not timely produced in discovery, and which, it is unclear were ever produced to the United States at all. *See id*. The Court should likewise strike the

documents on the Sheriff's exhibit list which lack Bates numbers for failure to comply with its' order and Rule 26(a)(3). Fed. R. Civ. P. 26(a)(3)(A)(iii) (requiring "identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.").

Additionally, a number of Sheriff Arpaio's exhibits (some of which have Bates numbers, but others of which do not) identify categories of documents rather than individual documents and include hundreds, and even tens of thousands of pages in *one* exhibit. *See* Sheriff Arpaio's Exhibit List (attached as Exh. A) (e.g., No. 9 "Training for racial profiling, LEP compliance, and use of force"; No. 74, "All documents relating to Salvador Reza" totaling 171 pages; No. 76, "All documents relating to Donald Stapley" totaling 1,328 pages; No. 78, "All documents relating to Mary Rose Wilcox" totaling 2,519 pages; No. 84, "LEP Inmate Random Interview Forms" totaling 380 pages; No. 215 "United States Marshals Service Detention Facility Investigative Reports conducted from 2009 through 2013 for each MCSO jail facility (4th Avenue, Durango, Estrella, Lower Buckeye, and Towers)" totaling 190 pages; No. 218 "Walter Kautzky expert file produced pursuant to Subpoena" totaling 275 pages; No. 243 "Immigration and Customs Enforcement (ICE) documents produced to Maricopa County pursuant to subpoena issued by counsel for Maricopa County to ICE on April 4, 2014" totaling 31, 589 pages; No. 244 "Additional Immigration and Customs Enforcement (ICE) documents produced to Maricopa County pursuant to subpoena issued by counsel for Maricopa County to ICE on April 4, 2014" totaling 161 pages). Pretrial procedures and disclosures are designed "to avoid surprise at the time of trial," and must, therefore, be made with specificity. *See Gardner v. Safeway Stores, Inc.*, 99 F.R.D. 258, 260 (D. Kan. 1983) (striking an exhibit list that failed specifically to identify witnesses and exhibits for trial). Accordingly, exhibits that are not specifically identified may be excluded.[2] *See id.*; *see also, e.g.*,

---

[2] Federal Rule of Civil Procedure 37(c)(1) provides for sanctions for violations of the disclosure provisions of Rule 26 and thus "gives teeth to [Rule 26] requirements by

5

*United States v. Town of Colorado City*, No. 3:12cv8123, 2014 WL 5431209, at *1-3 (D. Ariz. Oct. 27, 2014) (striking categorical groups on witness lists for violating the specificity requirement of designating witnesses individually by name); *In re Allstate Life Ins. Co. Litig.*, No. 09cv08162, 2012 WL 4839933, at *6 (D. Ariz. Oct. 11, 2012) (precluding party from calling witnesses where the subject of the witnesses' discoverable information was not disclosed pursuant to Rule 26 and precluding the party from calling witnesses identified only by category). Identifying categories of documents as exhibits, including some without Bates numbers (*see* Defendant Arpaio's Exhibit No. 9), unfairly prevents the United States from knowing which exhibits Defendant actually intends to use at trial and preparing to address those exhibits and causes Plaintiff prejudice.

The Court should strike Sheriff Arpaio's Exhibits Nos. 9, 17, 42-44, 46-47, 51-55, 71, 87-88, 149, 223-24, which lack Bates numbers, and Nos. 72-78, 84, 215, 218, and 243-244, which identify categories of documents, rather than specific exhibits, for failure to comply with the Court's Fourth Amended Scheduling Order and Rule 26(a)(3).

        Respectfully submitted,

        Mark Kappelhoff
        Deputy Assistant Attorney General
        Civil Rights Division

        Judy Preston
        Acting Chief, Special Litigation Section

        Timothy D. Mygatt
        Special Counsel

---

forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001). This sanction is "***automatic***" when Rule 26(a) disclosure requirements are violated. *See* Fed. R. Civ. P. 37 advisory committee's note (1993) (emphasis added).

6

```
                                    /s/ Puneet Cheema
                                   Edward G. Caspar (MA Bar No. 650566)
                                   Special Counsel
                                   Jennifer L. Mondino (NY Bar No. 4141636)
                                   Paul Killebrew (LA Bar No. 32176)
                                   Puneet Cheema (CA Bar No. 268677)
                                   Matthew Donnelly (IL Bar No. 6281308)
                                   Trial Attorneys
                                   U.S. DOJ, Civil Rights Division- PHB
                                   950 Pennsylvania Avenue, NW
                                   Washington, D.C. 20530
                                   Tel. (202) 514-2000/Fax (202) 514-6273
                                   edward.g.caspar@usdoj.gov
```

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I certify that on July 10, 2014, I electronically filed the foregoing using the Court's CM/ECF System, which will send notice of the filing to counsel of record.

```
                                    /s/ Puneet Cheema
                                   Puneet Cheema
                                   Attorney for the United States
```