Richard K. Walker (SBN 004159)
Charles W. Jirauch (SBN 004219)
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
cwj@azlawpartner.com
Phone: 480/483-6336
Facsimile: 480/483-6337

Dan K. Webb (admitted *pro hac vice*)
J. Erik Connolly (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
dwebb@winston.com
econnolly@winston.com
Phone: 312/558-5600
Facsimile: 312/558-5700

*Counsel for Defendant Maricopa County, Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his Official Capacity as Sheriff of Maricopa County, Arizona,<br><br>                    Defendants. | NO. CV12-00981-PHX-ROS<br><br>**DEFENDANT MARICOPA COUNTY'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES NOT PROPERLY DISCLOSED AS REQUIRED BY FED. R. CIV. PRO. 26** |

Pursuant to Rules 26(a)(1)(A)(i) and (a)(3)(i) and 37 of the Federal Rules of Civil Procedure, Defendant Maricopa County files this Motion in Limine to exclude the testimony of witnesses where Plaintiff failed to comply with its disclosure obligations under the Rules.

I.      **Introduction and Facts**

Throughout the course of this litigation, the parties exchanged disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. On September 15, 2014, the final day for supplementation of discovery, Plaintiff served "United States' Rule 26(a)(3) Disclosure of Trial Witnesses and Exhibits." This disclosure contained a list called "26(a)(3)(A)(1) Disclosure of Trial Witnesses," which, among others, identified the following witnesses: Mary Margaret Brazel, Randy Means, Eric Miceli, Karissa Ramirez, James Siebert, Gerald Sheridan, and Martin Spidell (collectively the "Last Supplement Witnesses"). The Last Supplement Witnesses had previously been disclosed by Defendant Sheriff Joseph M. Arpaio ("Arpaio"). While Plaintiff deposed the Last Supplement Witnesses, it had never supplemented its disclosures prior to September 15, 2014, to state that it intended to rely upon them to support its claims. Thus, the first time Maricopa County learned of Plaintiff's intent to rely on the Last Supplement Witnesses was when Plaintiff served its final supplement on September 15, 2014. Pursuant to this Court's Third Amended Rule 16 Scheduling Order (Doc. 277), all fact discovery in this case was required to be completed by April 11, 2014, so Defendants were precluded by Plaintiff's disclosure, on the very last day for supplementation of disclosures, from conducting any discovery aimed at obtaining information as to the testimony that Plaintiff might be expected to elicit from the Last Supplement Witnesses.  In addition, Plaintiff failed to provide any summary of the anticipated testimony of the Last Supplement Witnesses as required by Federal Rule of Civil Procedure, Rule 26(a)(1)(A)(i), including in its September 15, 2014, final disclosure.

Following this eleventh hour disclosure of the Last Supplement Witnesses, Plaintiff served a "preliminary" witness list on June 25, 2015, which identified seven witnesses that

1

had never been disclosed in any of Plaintiff's disclosures. These undisclosed witnesses are: Shelly Bunn, Juan Martin Campos-Uriarte, Terry Dong, Frank Fernandez, John Halverson, John MacIntyre, and Judy Schroeder (collectively the "Undisclosed Witnesses"). While five of the Undisclosed Witnesses had previously been disclosed by Arpaio, two of the seven Undisclosed Witnesses (Mr. Halverson and Mr. MacIntyre) had never been disclosed by any party at any time prior to June 25, 2015.

Pursuant to Federal Rules of Civil Procedure, Rules 26 and 37, Maricopa County respectfully moves this Court to preclude Plaintiff from calling the Last Supplement Witnesses and the Undisclosed Witnesses to testify at trial as part of its case-in-chief because of Plaintiff's failure to comply with disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure.

**II.     Memorandum of Law**

Rule 26 requires parties to exchange information pertaining to witnesses likely to have discoverable information, the subjects of the information the witnesses have, along with documents related to claims or defenses. Fed. R. Civ. P. 26(a)(1)(A). The purpose of disclosures is to facilitate the exchange of information so the parties can identify relevant witnesses and facts related to the claims and defenses of the party. *See* Fed. R. Civ. P. 26(a)(1) advisory committee note to 1993 and 2000 amendments. Rule 26 also requires a party to supplement its initial disclosure during the course of the litigation when it learns that information it originally provided is incomplete. Fed. R. Civ. P. 26(e); *Neothermia Corp. v. Rubicor Med., Inc.,* 345 F. Supp.2d 1042, 1045 (N.D. Cal. 2004).

A party who fails to comply with the mandatory disclosure provisions of Rule 26(a), or the supplemental disclosure requirements of Rule 26(e) is automatically subject to the ex-

clusionary sanction of Rule 37 of Federal Rules of Civil Procedure. Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> **A.  Plaintiff is not permitted to call Last Supplement Witnesses to testify in support of its case-in-chief because it did not properly disclose the subject of their testimony as required by Rule 26 of the Federal Rules of Civil Procedure, and their late disclosure assured that Defendants had no opportunity to conduct discovery into their expected areas of testimony.**

Rule 26 requires a party to identify witnesses *and* disclose the subjects of the information the witness has that the party will use to support its claims/defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Thus, in addition to identifying the Last Supplement Witnesses, Plaintiff was required to provide the subjects of the information the Last Supplement Witnesses on which Plaintiff intended to rely at the time of trial. While Plaintiff's September 15, 2014, disclosure identified the Last Supplement Witnesses, the disclosure was insufficient because the subject areas of the information Plaintiff intended to use were never disclosed. Plaintiff compounded this omission by delaying disclosure of even the identities of the Last Supplement Witnesses until Plaintiff supplemented its disclosure of the Last Supplement Witnesses to provide the subject areas of the testimony they would be offering as required by Rule 26. As such, Plaintiff failed to comply with the disclosure requirement of Rule 26. According to Rule 37(c)(1), Plaintiff's failure to disclose means that it "is not allowed to use that information or witness to supply evidence . . . at a trial unless the failure was substantially justified or harmless."

There is simply no justification for Plaintiff's failure to comply with the mandatory disclosure requirements. Plaintiff deposed the Last Supplement Witnesses between November 7, 2013, and August 21, 2014. In fact, six of the seven Last Supplement Witnesses were deposed by April of 2014.  Plaintiff had plenty of opportunity to supplement its disclosures to identify the Last Supplement Witnesses and the subjects of their testimony as required by Rule 26(e) prior to the first time it actually did so, which was on September 15, 2014. The prejudicial effects of noncompliant disclosures are magnified in a case where there are more than 400 disclosed witnesses. The number of witnesses disclosed makes it extremely difficult for the parties to determine which witnesses to focus on during discovery. To make matters worse, Plaintiff made the incomplete disclosure of the Last Supplement Witnesses after the close of discovery, foreclosing Maricopa County and Sheriff Arpaio from conducting any discovery with respect to the Last Supplement Witnesses.  Thus, Plaintiff should not be permitted to call any of the Last Supplement Witnesses at the time of trial.

> **B.     Plaintiff is precluded from calling the Undisclosed Witnesses to testify because they were never disclosed by Plaintiff prior to being identified in Plaintiff's Pretrial Witness List on June 25, 2015.**

In addition to incomplete disclosure, Plaintiff failed to disclose that it would be relying on the Undisclosed Witnesses at all! Plaintiff served its final Rule 26(a)(3) disclosure on September 15, 2014. This disclosure listed 231 witnesses, but included none of the Undisclosed Witnesses. Nevertheless, Plaintiff's pretrial witness list served on June 25, 2015, included seven witnesses that Plaintiff had never disclosed at any prior point.  Plaintiff's failure to disclose the Undisclosed Witnesses is inexcusable. Five of the Undisclosed Witnesses were deposed prior to the close of discovery, thus it cannot be said that Plaintiff did not know about them or have opportunity to supplement its disclosure. In the case of Mr. Hal-

4

verson and Mr. MacIntyre, neither of them was disclosed by *any* party before Plaintiff identified them in its pretrial witness list.

The Rules are clear. Parties must disclose all witnesses upon whom they intend to rely, or they forfeit the right to rely upon that witness at the time of trial. There is no excuse for Plaintiff's failure to disclose these witnesses, and Plaintiff should be precluded from calling any of the Undisclosed Witnesses to support its case-in-chief.

**III.   Conclusion**

For the foregoing reasons, Maricopa County respectfully requests that the Court grant its motion *in limine*, precluding Plaintiff from calling in support of its case-in-chief Mary Margaret Brazel, Randy Means, Eric Miceli, Karissa Ramirez, James Siebert, Gerald Sheridan, Martin Spidell, Shelly Bunn, Juan Martin Campos-Uriarte, Terry Dong, John Halverson, John MacIntyre, and Judy Schroeder as witnesses for its case-in-chief.

RESPECTFULLY SUBMITTED, this 10th day of July, 2015.

WALKER & PESKIND, PLLC

By: /s/ Richard K. Walker
   Richard K. Walker
   Charles W. Jirauch
   16100 N. 71st Street, Suite 140
   Scottsdale, Arizona 85254-2236

WINSTON & STRAWN, LLP

By: /s/ Dan K. Webb
   Dan K. Webb (admitted pro hac vice)
   J. Erik Connolly (admitted pro hac vice)
   35 West Wacker Drive
   Chicago, IL  60601

*Counsel for Defendant Maricopa County, Arizona*

5

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2015, I electronically filed Defendant Maricopa County's Motion in Limine to Exclude Plaintiff's Witnesses Not Properly Disclosed as Required by Fed. R. Civ. Pro. 26 with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Michelle Giordano