Mark Kappelhoff
  Deputy Assistant Attorney General
Judy Preston (MD Bar, no numbers assigned)
Timothy D. Mygatt (DC Bar No. 1021564)
Edward G. Caspar (MA Bar No. 650566)
Jennifer L. Mondino (NY Bar No. 4141636)
Paul Killebrew (LA Bar No. 32176)
Puneet Cheema (CA Bar No. 268677)
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
601 D St. NW, Suite 5200
Washington, D.C. 20004

Attorneys for the United States

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Maricopa County, Arizona; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>　　　Defendants. | No. 2:12-cv-00981-ROS<br><br>JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT |

The parties to this action, Plaintiff United States of America, Defendant Maricopa County Sheriff Joseph M. Arpaio, and Defendant Maricopa County, hereby jointly move the Court to approve and enter the attached Settlement Agreement.  The Settlement Agreement resolves all claims related to worksite identity theft operations ("worksite operations") and claims relating to alleged retaliation ("retaliation claims") as set forth in, *inter alia*, the Second and Sixth Claims of the United States' Complaint in this action. The parties have reached a separate agreement that resolves the United States' Fourth Claim and that portion of any other claim alleging discrimination in Maricopa County Sheriff's Office ("MCSO") jails.

The parties request that the Court sign the attached Settlement Agreement concerning the worksite operations and retaliation claims and enter it in the docket in this case.  As to the Fourth Claim in this case, and that portion of any other claim addressing discrimination in MCSO jails, the United States will file a notice promptly that the parties to this case have stipulated under Rule 15(a)(2) to amend the Complaint to remove the United States' Fourth Claim and that portion of any other claim addressing discrimination in MCSO jails, that the Complaint is thereby so amended and any such claims will not be further prosecuted in this action.  The parties are not requesting the Court's approval of the settlement agreement resolving the claims of discrimination in MCSO jails.

This Settlement Agreement does not resolve Claims One, Three, and Five in this case, except as they may relate to worksite, retaliation and jails claims in this case.  As to Claims One, Three and Five, the parties are conferring on what matters, if any, remain to be tried, and will, as ordered, advise the Court of their respective positions on that matter.

This Motion is supported by the following Memorandum of Points and Authorities.

Memorandum and Points of Authorities

The United States brought this action in May 2010.  The United States' Complaint alleges four patterns or practices of unconstitutional conduct: (1) discriminatory policing against Hispanic persons in MCSO's saturation patrols, general traffic enforcement, and worksite operations targeting Hispanic immigrants, (2) detentions in violation of the Fourth Amendment during MCSO's worksite operations targeting Hispanic immigrants, (3) failures in the provision of language access to Hispanic limited-English-proficient (LEP) jail inmates, and (4) retaliatory police action against critics of Sheriff Arpaio and MCSO.

The attached Settlement Agreement, which the parties request the Court to approve, resolves the second and fourth issues above, and the first issue to the extent it concerns discrimination relating to worksite operations and retaliation claims.  The parties have reached a separate settlement agreement resolving the third issue above.

Certain aspects of the first issue, concerning the discriminatory policing claims, was the subject of the Court's Order on the parties' motions for summary judgment, Docket No. 379.  The parties are conferring on what matters, if any, remain to be tried as to those claims, and will promptly advise the Court of their respective positions on that matter.

As to the Settlement Agreement resolving the second and fourth issues above (the worksite operations and retaliation claims), entry of the proposed Settlement Agreement is appropriate in this case because it is fundamentally fair, adequate, and reasonable; it has resulted from arm's-length negotiations between sophisticated parties; and it is consistent with the purposes of the federal law that the Complaint in this action seeks to enforce as to those claims, 42 U.S.C. § 14141.  *See United States ex rel. Lummi Nation v. Dawson*, 328 Fed. App'x 462 (9th Cir. 2009) (to assess whether to approve a proposed settlement agreement, courts consider whether the settlement is "fundamentally fair, adequate, and reasonable"), *citing United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990) (same).  Further, public policy favors settlement, particularly in complex litigation such as these pattern-or-practice claims brought by the United States.  *See Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution").

Since before the claims in this case were brought, the parties have engaged periodically in arm's-length negotiations to settle them.  After intensive negotiation, the parties have reached agreements to settle the claims concerning worksite operations, alleged retaliation, and language access in MCSO jails.  In seeking approval of the Settlement Agreement resolving the worksite operations and retaliation claims, the parties recognize that MCSO is no longer enforcing State identity theft laws relating to obtaining or continuing employment; that it has disbanded its Criminal Employment Unit; that in a separate case, the United States District Court for the District of Arizona entered a preliminary injunction enjoining the Maricopa County Sheriff from enforcing statutory provisions prohibiting identity theft committed with the intent to obtain or

1   continue employment; and that MCSO is not currently planning to engage in the type of

2   worksite operations that are the subject of the United States' claims in this case.  Further,

3   the United States does not claim in this case that MCSO has engaged in any retaliatory

4   police action since 2010.  The Settlement Agreement further provides for policies,

5   protocols and other protections to avoid constitutional violations relating to worksite

6   operations and retaliatory police action, and it preserves the United States' authority to

7   seek relief, as provided in the Settlement Agreement, in the event of future violations.

8         For the foregoing reasons, the parties jointly request that the Court approve, sign

9   and enter the attached Settlement Agreement concerning the worksite operations and

10  retaliation claims in this case.

11                                        Respectfully submitted,

12                                        Mark Kappelhoff
13                                        Deputy Assistant Attorney General
                                          Civil Rights Division
14
15                                        Judy Preston
                                          Acting Chief, Special Litigation Section
16
17                                        Timothy D. Mygatt
                                          Special Counsel
18
19                                         /s/ Edward G. Caspar
                                          Edward G. Caspar (MA Bar No. 650566)
20                                        Special Counsel
                                          Jennifer L. Mondino (NY Bar No. 4141636)
21                                        Paul Killebrew (LA Bar No. 32176)
                                          Puneet Cheema (CA Bar No. 268677)
22                                        Trial Attorneys
23                                        U.S. Department of Justice
                                          Civil Rights Division- PHB
24                                        950 Pennsylvania Avenue, NW
25                                        Washington, D.C. 20530
                                          Tel. (202) 514-2000/Fax (202) 514-6273
26                                        edward.g.caspar@usdoj.gov

27                                        *Attorneys for the United States of America*

28

4

1

2          WALKER & PESKIND, PLLC

3          By:/s/ Richard K. Walker
4          Richard K. Walker
           Charles W. Jirauch
5          16100 N. 71st Street, Suite 140
           Scottsdale, Arizona 85254-2236
6
7          WINSTON & STRAWN, LLP

8          By:/s/ Dan K. Webb
9          Dan K. Webb (admitted pro hac vice)
           J. Erik Connolly (admitted pro hac vice)
10         35 West Wacker Drive
           Chicago, IL 60601
11
12         *Counsel for Defendant Maricopa County*

13
14         JONES, SKELTON & HOCHULI, P.L.C.

15         By s/ Joseph J. Popolizio
           William R. Jones, Jr.
16         John T. Masterson
           Joseph J. Popolizio
17         2901 North Central Avenue, Suite 800 Phoenix,
18         Arizona 85012

19         *Attorneys for Defendant Joseph M. Arpaio*

20

21

22

23

24

25

26

27

28