**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CV-12-00981-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa, County of, et al., | |
| Defendants. | |

Before the Court is the Joint Motion to Approve Settlement Agreement. (Doc. 391). The parties request the Court sign, approve, and enter an order with an attached Settlement Agreement resolving Claims Two and Six.[1]

Typically, a settlement agreement, even one entered by the United States, does not require Court approval. Such approval is required, however, where the settlement is in the form of a consent decree or consent judgment.[2]

---

[1] Also referred to and attached to the Settlement Agreement is a separate agreement resolving the Fourth Claim. The parties do not request Court approval of that second agreement.

[2] Consent decrees are "settlement agreement[s] subject to continued judicial policing." *United States v. State of Or.*, 913 F.2d 576, 580 (9th Cir. 1990) (quoting *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983) ("A consent decree has attributes of both a contract and of a judicial act. . . . Once approved, the prospective provisions of the consent decree operate as an injunction. . . . The injunctive quality of consent decrees compels the court to: 1) retain jurisdiction over the decree during the term of its existence; . . . 2) protect the integrity of the decree with its contempt powers; . . . and 3) modify the decree should 'changed circumstances' subvert its intended purpose.")). *See also United States v. Swift & Co.*, 286 U.S. 106, 115 (1932) ("We reject the argument . . . that a decree entered upon consent is to be treated as a contract and not as a judicial act.").

1    The case law cited by the parties involves consent decrees. To approve a consent decree the Court must "satisfy itself on the settlement's 'overall fairness to beneficiaries and consistency with the public interest.'" *United States v. Salt River Project Agr. Improvement & Power Dist.*, No. CV08-1479-PHX-JAT, 2008 WL 5332023, at *2 (D. Ariz. Dec. 22, 2008) (citation omitted). *See also State of Or.*, 913 F.2d at 580 ("Before approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable. . . . In addition, because it is a form of judgment, a consent decree must conform to applicable laws."). The fairness determination involves analysis of both the procedure through which the agreement was created and the agreement's substantive provisions. A proposed judgment negotiated by a government agency charged with enforcing the statute pursuant to which the case was brought is entitled to a high degree of deference. *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). Such a consent decree need not be in "the public's *best* interest" but it must be reasonable. *Id.*

The parties refer to the resolution of these portions of the litigation as a "Settlement Agreement." Unlike a consent decree, the agreement does not state that it is a judgment regarding the claims to which it applies. On the other hand, the parties cite the fundamental fairness standard applicable to consent decrees, request the Court's approval, and assert the Settlement Agreement is the product of arm's-length negotiations and consistent with the federal law the complaint seeks to enforce. Assuming counsel propose the Court approve a consent decree, the conclusory pronouncements in the motion do not satisfy the standard for consent decree approval.

If the parties seek approval of a consent decree or consent judgment, it must be clear and fully comply with the requirements for such approval. *See United States v. City of Miami, Fla.*, 614 F.2d 1322, 1335 (5th Cir. 1980) *on reh'g,* 664 F.2d 435 (5th Cir. 1981) ("[T]he abuse of discretion standard cannot be used as a rubber stamp to approve all settlements"). For example, the motion must describe the process and circumstances under which the settlement was reached; explain how the provisions of the settlement

address the claims the agreement purports to resolve; and address how the settlement serves the public's interest. Finally, an agreement and/or proposed order in the form of a judgment enforceable by the Court must be included.

If it is not intended that the agreement constitute a consent decree or consent judgment, but merely a settlement agreement under which Defendants are required to comply with standards and conditions, that must be clarified. And in particular, the parties are to address why court approval is required or desired for settlement.

Accordingly,

**IT IS ORDERED** the parties shall respond to the Court, clarifying the nature of their settlement agreement and making any amendments, supplemental submissions, or withdrawals necessary in accordance with this order no later than **August 3, 2015**.

Dated this 21st day of July, 2015.

                                   Honorable Roslyn O. Silver
                                   Senior United States District Judge