Richard K. Walker (SBN 004159)
Charles W. Jirauch (SBN 004219)
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254-2236
rkw@azlawpartner.com
cwj@azlawpartner.com
Phone: 480/483-6336
Facsimile: 480/483-6337

Dan K. Webb (admitted *pro hac vice*)
J. Erik Connolly (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
dwebb@winston.com
econnolly@winston.com
Phone: 312/558-5600
Facsimile: 312/558-5700

*Counsel for Defendant Maricopa County, Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | NO. CV12-00981-PHX-ROS |
| Plaintiff, | |
| v. | **DEFENDANT MARICOPA COUNTY'S MOTION TO ALTER OR AMEND, OR TO CORRECT, THE JUDGMENT** |
| Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his Official Capacity as Sheriff of Maricopa County, Arizona, | |
| Defendants. | |

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), Defendant Maricopa County respectfully moves the Court to alter or amend its judgment, or to correct the judgment. In June 2015, this Court ordered that "Defendant Maricopa County's Motion for Summary Judgment is DENIED." Doc. 379 at 52. In the same ruling, the Court granted Plaintiff's Motion for Summary Judgment on Claims One, Three, and Five on a non-mutual, offensive issue preclusion theory, based on a finding that portions of those claims had already been litigated and adjudicated in *Melendres v. Arpaio*, No. CV-07-02513-PHX-GMS. *Id*. at 32-42. The Court's grant of summary judgment in favor of the United States was specifically limited to the aspects of those claims that were based on "discriminatory vehicle stops related to immigration enforcement." *Id*. at 13, 40-42. As the Court specifically noted, however:

> But the United States' claims also include allegations regarding discriminatory home raids, worksite raids, and non-motor vehicle arrests and detentions, which are different in important respects from those presented in *Melendres*. For one, the United States' claims are not confined to immigration enforcement, but extend to discrimination in general law enforcement.

*Id*. at 13. As to the remaining portions of Claims One, Three, and Five, the Court pointedly noted that they would still need to be litigated, with the United States bearing the burden of showing it was entitled to judgment on the portions of the claims that were beyond the scope of the issues that had been adjudicated in *Melendres*. Id. at 40-42.

In July, the parties settled claims Two, Four, and Six, leaving open those portions of claims One, Three, and Five that were not either resolved in the settlement, or subject to issue preclusion based on the *Melendres* judgment. Doc. 399 (order approving partial settle-

1

ment).  Yet, on September 3, this Court entered on the docket a "Judgment in a Civil Case," which announced that "judgment is entered in favor of plaintiff United States on Claims One, Three, and Five," and "[t]his action is hereby terminated."  Doc. 409.  Final judgment could not validly be entered, however, because the Court had left unresolved aspects of Claims One, Three, and Five, had only *denied* the County's Motion for Summary Judgment, and "a district court's denial of summary judgment … is not a final decision."  *Jones v. Cnty. of Los Angeles*, 2015 WL 5515727, at *4 (9th Cir. Sept. 21, 2015).  Accordingly, the Court should alter and correct the judgment to show that counts One, Three, and Five, to the extent not resolved by settlement or within the scope of the *Melendres* judgment, remain to be tried.

## BACKGROUND

After the parties moved this Court to approve their settlement of Claims Two and Six, and the United States agreed to withdraw claim Four, the Court on July 15, 2015, asked the parties to submit a joint statement regarding what claims, if any, remain for trial.  Doc. 389.  In response, Maricopa County (and the other defendants) made plain that "[f]actual issues pertaining to Defendant's liability, if any, with respect to claims not settled or withdrawn by the [United States] remain to be heard and adjudicated."  Doc. 394 at 4.

In late August, the parties notified the Court that the United States was allowed to intervene in *Melendres v. Arpaio* and offered a proposed resolution for this case.  Doc. 406.  Once again, Maricopa County made plain that still-unresolved was the "the question of whether and, if so to what extent, the County can be held liable for the actions of Sheriff Arpaio that are the subject of Claims I, III, and V.  As the County noted in its response to the United States' motion for stay pending intervention in *Melendres*:

> Due to the Court's denial of the County's Motion for Summary Judgment on grounds suggesting that the Maricopa County Board of Supervisors has powers over the Sheriff that Defendants believe far exceed [the] bounds of the Board's lawful authority under Arizona law, *it will be necessary for this issue to be tried and adjudicated, even if the United States chooses to abandon any claim for injunctive relief. At least to this extent, the disposition of Plaintiff's Motion to Intervene in* **Melendres** *will not "obviate the need for further proceedings in this case," as Plaintiff has claimed*.

Doc. 406 at 7-8 (Aug. 24, 2015) (citation omitted; emphasis added)). Nevertheless, ten days later, this Court declared that "judgment is entered in favor of the United States on Claims One, Three, and Five" and "[t]his action is hereby terminated." Doc. 409.

## ARGUMENT

Under Rule 59(e), a judgment should be altered or amended "if," among other things "the district court … committed clear error[.]" *Naki v. Hawaii*, 2015 WL 5307525, at *1 (D. Ariz. Sept. 11, 2015). Likewise, under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Respectfully, the Court here has committed a clear error of oversight or omission in ostensibly entering a final judgment resting solely on the denial of summary judgment—because, again, "a district court's denial of summary judgment … is not a final decision." *Jones*, 2015 WL 5515727, at *4.

It is true that the Court granted *partial* summary judgment for the United States as to Counts One, Three, and Five—but only insofar as they were resolved by *Melendres*. Specifically, "[t]he United States [sought] to preclude Arpaio and Maricopa County from contesting the issues decided in *Melendres* [that] reappear in this case and argues those issues entitle the United States to summary judgment on portions of its discriminatory policing claims contained in Counts One, Three, and Five." Doc. 379 at 32. And this Court awarded this

3

relief: "[S]ummary judgment is granted regarding the discriminatory traffic stop claims in Counts One, Three, and Five." *Id.* at 52. But that leaves the facts and law pertaining to the rest of Counts One, Three, and Five to be litigated. In addition, before determining whether the County is to be held liable under the as-yet un-adjudicated portions of Claims One, Three, and Five, this Court must perform the analysis required by the United States Supreme Court in *McMillian v. Monroe County*, 520 U.S. 781 (1997), to determine whether the Sheriff here acted on behalf of the County or the State.

It is no answer to say that the Court declared that "judgment is entered in favor of plaintiff United States on Claims One, Three, and Five." Doc. 409. Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *The court should state on the record the reasons for granting or denying the motion*." (Emphasis added). Here, the Court has stated its reasons for denying Maricopa County's summary judgment on Counts One, Three, and Five. And it has stated its reasons for granting summary judgment to the government on one portion of Counts One, Three, and Five. But the Court has not explained its reasons for implicitly granting the government summary judgment on the rest of these three counts—if that is what the Court intended to do (the record is not clear).

Given the Court's unsupported entry of final judgment, Maricopa County is stuck in a kind of limbo: It has received no valid final judgment to appeal; yet this Court has washed its hands of the case. Counts One, Three, and Five must be tried. But if the Court will not try those Counts, it must at least explain its reasons for implicitly granting the government summary judgment (despite the fact that the United States never even sought summary dis-

4

position of Claims One, Three, and Five, except to the extent they overlapped with *Melendres*) so that the County can perfect an appeal from a truly final judgment.

## CONCLUSION

For all of these reasons, the Court should alter and correct the judgment to show that counts One, Three, and Five remain to be tried.

DATED: September 30, 2015

By /s/Richard K. Walker

By /s/ Dan K. Webb

*Counsel for Defendant Maricopa County, Arizona*

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, I electronically filed the Defendant Maricopa County's Motion to Alter or Amend, or to Correct, the Judgment with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Michelle Giordano