William R. Jones, Jr., Bar #001481
John T. Masterson, Bar #007447
Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7801
wjones@jshfirm.com
jmasterson@jshfirm.com
jpopolizio@jshfirm.com
jackerman@jshfirm.com

Attorneys for Defendant Joseph M. Arpaio

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County, Arizona; Maricopa County Sheriff's Office; and Joseph M. Arpaio, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>Defendants. | NO. CV12-00981-PHX-ROS<br><br>**Defendant Arpaio's Response to Maricopa County's Motion to Alter or Amend, or to Correct, the Judgment** |

Pursuant to this Court's Order [Doc. 411], Defendant Arpaio responds to Maricopa County's Motion to Alter or Amend, or to Correct, the Judgment ("Motion to Amend") as follows:

The United States waived its "non-Melendres" claims under Counts 1, 3 and 5. This Court previously granted the United States partial summary judgment on Counts 1, 3 and 5 based on a finding that portions of those claims had already been litigated and adjudicated in *Melendres v. Arpaio*, No. 2:07-CV-02513-GMS. [Doc. 379]. After this ruling, what remained for trial under Counts 1, 3 and 5 was any additional relief requested outside of the issues litigated in the *Melendres* case, should the United States seek

4525288.1
10/5/15

additional relief.[1]

However, in the Parties Joint Statement Regarding Any Remaining Issues for Trial, the United States' position was that "[n]o issues remain for trial" on any issue. [Doc. 394 at 1:25]. The United States was clear that all six of its claims "have been addressed either by the Court's June 15, 2015 Order granting summary judgment in favor of the United States or by the parties' July 17, 2015 settlement agreements." Moreover, the United States was clear that based on the Ninth Circuit ruling in *Melendres v. Arpaio,* 784 F.3d 1254, 1260 (9th Cir. 2015), it would "not offer any additional evidence of discriminatory policing" for Counts 1, 3, and 5. [*Id.* at 3:1-2]. As such, the United States clearly asserted that "it will seek relief only to the extent warranted by the Court's June 15, 2015 grant of summary judgment in favor of the United States on Claims One, Three, and Five. ***Therefore, no factual issues remain in dispute concerning those claims.***" [*Id.* at 3:2-5 (emphasis added)].

Regarding the relief warranted by the Court's June 15, 2015 grant of summary judgment, the United States also unequivocally asserted that proper relief would be intervention in the *Melendres* case. After reaching a settlement of Counts 2, 4, and 6 of the United States' Complaint, the United States filed a Motion to Stay [Doc. 395], explicitly stating that, if intervention were granted in Melendres, it would not pursue any remedies for its discriminatory policing claims under Counts 1, 3, and 5:

> While the United States' discriminatory policing claims in this action are broader than the issues decided in Melendres, in the interest of judicial economy and to save the people of Maricopa County the costs of further litigation, should the *Melendres* Court grant the United States intervention, the United States would enforce the already-existing injunction in *Melendres* rather than pursue additional remedies in this action for its discriminatory policing claims. ***Further remedial proceedings in this case, beyond enforcement of the Settlement Agreement reached by the parties, would not be***

---

[1] As the Court specifically noted, "the United States' claims also include allegations regarding discriminatory home raids, worksite raids, and non-motor vehicle arrests and detentions, which are different in important respects from those presented in Melendres." [Doc. 379 at 13].

*necessary.*

[Doc. 395 at 4:1-8 (emphasis added)]. This position was similarly reflected in the United States' Motion to Intervene in *Melendres*:

> In the interest of judicial economy and to spare the people of Maricopa County the costs of further litigation, if this Court grants this Motion to Intervene, ***the United States will not pursue any further relief in its parallel case beyond that provided by the Settlement Agreements filed on July 17, 2015***.

[Doc. 1177 at 5:20-23 (emphasis added), *Melendres v. Arpaio*, No. 2:07-CV-02513-GMS]. These statements amounted to a clear and unequivocal waiver of any right of the United States to seek further remedies in this case, conditioned solely upon it being granted a right to intervene in *Melendres* – which was relied upon by Defendant Arpaio and Maricopa County when they did not oppose intervention in *Melendres*. [*See* Docs. 1217 & 1218, *Melendres v. Arpaio*, No. 2:07-CV-02513-GMS].

Accordingly, pursuant to the United States' waiver of any further claims under Counts 1, 3, and 5 – other than those granted by this Court's Order regarding the Motions for Summary Judgment – this Court properly granted final judgment on Plaintiff's Claims in Counts 1, 3 and 5. [*See* Docs. 407, 409].

The Court should not have granted summary judgment on the non-*Melendres* allegations under Counts 1, 3, and 5 when the United States had clearly waived their right to seek remedies for the non-*Melendres* allegations under Counts 1, 3, and 5. Defendant Arpaio, therefore, submits that the judgment entered by the Court is in error. Summary judgment was not granted and should never have been granted on the non-*Melendres* issues.

Accordingly, the judgment on Counts 1, 3, and 5 must be amended and limited to the terms of the Court's Summary Judgment, and reflect the agreement of the parties and the United States' express waiver of its right to seek remedies for any "non-Melendres" allegations contained in Counts 1, 3 and 5. (*See* Doc. 406.).

DATED this 5th day of October, 2015.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ John T. Masterson
William R. Jones, Jr.
John T. Masterson
Joseph J. Popolizio
Justin M. Ackerman
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Attorneys for Defendant Joseph M. Arpaio

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Christine Miller

4525288.1
10/5/15