Eric S. Dreiband
  Assistant Attorney General
Steven H. Rosenbaum (NY Bar No. 1901958)
Paul Killebrew (LA Bar No. 32176)
Cynthia Coe (DC Bar No. 438792)
Maureen Johnston (WA Bar No. 50037)
U.S. Department of Justice
Civil Rights Division - PHB
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
*Attorneys for the United States*

Richard K. Walker (004159)
Walker & Peskind, PLLC
Bay Colony Executive Center East
8777 E. Via de Ventura, Suite 315
Scottsdale, Arizona 85258
*Attorney for Maricopa County*

William G. Montgomery
  Maricopa County Attorney
By: Joseph I. Vigil (018677)
Deputy County Attorney
Civil Services Division
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
*Attorney for Sheriff Paul Penzone*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Maricopa County, Arizona; and Paul Penzone, in his official capacity as Sheriff of Maricopa County, Arizona,<br><br>    Defendants. | No. 2:12-cv-00981-ROS<br><br>**JOINT MOTION FOR TERMINATION OF SETTLEMENT AGREEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Plaintiff the United States of America and defendants Maricopa County, Arizona and Sheriff Paul Penzone (collectively, Defendants) jointly request that this Court terminate the Settlement Agreement (Settlement Agreement) entered on November 6, 2015.  Doc. 417.  Defendants have complied with the Settlement Agreement, and it is appropriate for the Court to terminate the Agreement at this time.

## I.    Background

In May 2012, the United States filed a complaint against Maricopa County, the Maricopa County Sheriff's Office (MCSO), and former Sheriff Joseph Arpaio in his official capacity.  Complaint, Doc. 1.  The complaint alleged violations of the Constitution and federal law through four courses of conduct: discrimination against Latino persons on the basis of race, color, or national origin in law enforcement operations (discrimination claims), Complaint ¶¶ 164-67, 173-74, 178-79, 183-84; discrimination against limited English proficient (LEP) prisoners in MCSO's jails (jails claims), Complaint ¶¶ 177-80; searches, detentions, and arrests without reasonable suspicion or probable cause, including in workplace operations (workplace claims), Complaint ¶¶ 169-70; and retaliation against critics of the Sheriff in violation of the First Amendment (First Amendment claims), Complaint ¶¶ 187-88.  Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 (now codified at 34 U.S.C. § 12601) and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, the United States sought declaratory and injunctive relief for the alleged patterns or practices of violations of the Constitution and federal law.  Complaint ¶¶ 190-93.

After extensive discovery, the Court granted summary judgment in the United States' favor on portions of its discrimination claims, applying non-mutual, offensive issue preclusion based on the findings in a case brought by private plaintiffs, *Melendres v. Arpaio*, 989 F. Supp. 2d 822 (D. Ariz. 2013).  Doc. 379.  Rather than seeking a remedy for its discrimination claims in this Court, the United States intervened in the *Melendres* litigation, *see* Order, Doc. 1239, *Melendres v. Arpaio*, No. 07-CV-02513-PHX-GMS (D. Ariz. July 20, 2015), where the court had already entered a post-trial injunction,

*Melendres*, Doc. 606.  The Court later dismissed the United States' discrimination claims. *See* Order Amending Judgment, Doc. 417.

The parties were able to resolve the United States' remaining claims through two settlements.  The first was an out-of-court settlement that resolved the United States' jails claims.  Settlement Agreement Resolving the Fourth Claim of the United States' Complaint and Related Allegations, Doc. 391-2 at 10-26; *see also* Joint Motion to Approve Settlement Agreement at 2, Doc. 391 ("The Parties are not requesting the Court's approval of the settlement agreement resolving the claims of discrimination in MCSO jails.")[1]  The second settlement—referred to in this joint motion as the Settlement Agreement—resolved the United States' workplace and First Amendment claims.  Doc. 417.  The Settlement Agreement contains two major provisions:

- MCSO committed to not resume its Worksite Identity Theft Operations[2]; and
- MCSO committed to adopt a policy prohibiting retaliation against persons engaged in lawful speech protected by the First Amendment.

The Settlement Agreement provided that "[t]he Court will retain jurisdiction over this action for the purpose of enforcing compliance with the terms of this Agreement." Settlement Agreement, Doc. 417 at 8, ¶ 23.  The Settlement Agreement was entered as an order of this Court on November 6, 2015.[3]  Doc. 417.

---

[1] MCSO fulfilled its obligations under the settlement resolving the jails claims after an oversight period of over two years, during which the United States monitored compliance.

[2] "Worksite Identity Theft Operation" is defined in the Settlement Agreement as "any pre-planned MCSO law enforcement operation at a place of business to execute a search warrant for evidence of, or for persons suspected of committing, identity theft or crimes incident thereto, such as forgery."  Settlement Agreement ¶ 9.  As noted below, under the terms of the Settlement Agreement, MCSO affirmed that it had no plans to engage in such operations, and, if it decided to re-engage in such operations involving three or more suspects, that it would establish written policies or protocols.  Settlement Agreement ¶¶ 13-14.

[3] This Court granted the parties' joint motion for approval of the Settlement Agreement on September 2, 2015, Doc. 407, but the Court did not sign the Settlement Agreement. The Court signed the Agreement in an order dated November 6, 2015, Doc. 417, and the Settlement Agreement became effective on that date.

3

**II.     Legal Standard**

District courts may retain ancillary jurisdiction to enforce settlement agreements "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *See Dhaliwal v. Singh*, No. 1:13-CV-00484-SKO, 2016 WL 8730767 at *3 (E.D. Cal. Sept. 30, 2016) (court order of dismissal expressly retained jurisdiction over enforcement of settlement agreement) (quoting *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016)).  Where the district court is satisfied that the parties have fulfilled their obligations under the settlement agreement, however, the court should terminate the agreement.  *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) (declining to retain jurisdiction where the terms of a settlement agreement were complied with and "completed to the satisfaction of the Court in a manner that is fair, adequate and reasonable").

**III.    Discussion**

> *A.      Defendants Have Complied with the Provisions of the Settlement Agreement Related to Worksite Identity Theft Operations*

Defendants have complied with the provisions of the Settlement Agreement concerning worksite operations because they have not resumed such operations.  Before the effective date of the Settlement Agreement, MCSO voluntarily ceased its worksite operations and disbanded the unit responsible for conducting those operations. Settlement Agreement ¶ 12 ("On January 19, 2015, MCSO disbanded its Criminal Employment Unit, which was responsible for investigating cases of identity theft relating to obtaining or continuing employment, and for planning and carrying out Worksite Identity Theft Operations"); Order at 3-4, Doc. 407 (stating that "MCSO has since disbanded CES and announced it will no longer enforce state identity theft laws relating to obtaining or continuing employment").  The Settlement Agreement further memorialized MCSO's intention to cease those activities:  "MCSO is not now engaged, currently planning to engage, or currently intending to engage in any Worksite Identity

4

Theft Operations."  Settlement Agreement ¶ 13.  To date, MCSO has not resumed its

Worksite Identity Theft Operations and has indicated that it has no plans to do so.[4]

        **B.**     *Defendants Have Complied with the First Amendment Provisions of the*
        *Settlement Agreement*

        MCSO has also fulfilled its obligation under the Settlement Agreement to enact a

policy prohibiting retaliation against persons engaged in lawful speech.  The Settlement

Agreement required MCSO to establish "an official policy prohibiting retaliation against

any individual for any individual's lawful expression of ideas in the exercise of the First

Amendment right to the freedom of speech," and specified the language that the policy

would include.  Settlement Agreement ¶¶ 19-20.  MCSO was required to provide an

affidavit or sworn declaration confirming that the agency had issued the policy.

Settlement Agreement ¶ 22.  On September 16, 2015, MCSO provided the required

affidavit to the United States, including an explanation that Anti-Retaliation Policy CP-11

had been sent to all MCSO personnel.  *See* Exhibit A, Affidavit of Lt. Brian Stutsman

¶¶ 6-7 (Oct. 15, 2015).  The affidavit confirms that 100% of MCSO compensated

personnel had acknowledged receipt and review of Anti-Retaliation Policy CP-11.  Ex. A

¶ 7.

---

[4] Moreover, in separate litigation, the federal court permanently enjoined MCSO from conducting immigration enforcement activities similar to those precluded by the Settlement Agreement.  Order at 30, *Puente Arizona v. Penzone*, Doc. 701, No. 14-01356-DGC (D. Ariz. March 27, 2017).  The *Puente* court found that the Supremacy Clause of the Constitution preempted MCSO from relying on forms and documents "submitted to an employer solely as part of the federal employment verification process" to investigate or prosecute violations of Arizona identity theft laws.  *Id.*  In January 2018, the *Puente* parties announced a settlement in which they agreed not to appeal the court's rulings.  *Parties Reach Final Settlement in Lawsuit Challenging Workplace Raids,* ACLU of Arizona (Feb. 1, 2018) https://www.acluaz.org/en/press-releases/parties-reach-final-settlement-lawsuit-challenging-workplace-raids; Notice of Settlement at 1-2, *Puente Arizona v. Penzone*, Doc. 738, No. 14-01356, (D. Ariz. Jan. 26, 2018).

**IV.     Conclusion**

The parties agree that Defendants have complied with the Settlement Agreement. The parties therefore respectfully request that the Court terminate the Settlement Agreement.

Dated:  May 9, 2019

Respectfully submitted,

Eric S. Dreiband
Assistant Attorney General

Steven H. Rosenbaum
Chief, Special Litigation Section

/s/ Paul Killebrew
Paul Killebrew (LA Bar No. 32176)
Special Counsel
Cynthia Coe (DC Bar No. 438792)
Maureen Johnston (WA Bar No. 50037)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division - PHB
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Tel. (202) 514-2000/Fax (202) 514-6273
Paul.Killebrew@usdoj.gov

*Counsel for the United States of America*

/s/ Richard K. Walker
Richard K. Walker, Bar No. 004159
Walker & Peskind, PLLC
Bay Colony Executive Center East
8777 E. Via de Ventura, Suite 315
Scottsdale, Arizona 85258
rkw@azlawpartner.com
Phone: 480/483-6336

*Counsel for Maricopa County*

6

1

2 /s/ Joseph I. Vigil

3 Joseph I. Vigil (018677)
Deputy County Attorney

4 Civil Services Division

5 Security Center Building
222 North Central Avenue, Suite 1100

6 Phoenix, Arizona 85004

7 vigilj@mcao.maricopa.gov
Phone: (602) 506-8541

8

9 *Counsel for Sheriff Paul Penzone*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I certify that on or about May 9, 2019, I filed the foregoing through the Court's CM/ECF system which will serve a true and correct copy of the filing on counsel of record.

                                        /s/  Paul Killebrew